1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | ASSET MARKETING SYSTEMS
INSURANCE SERVICES, LLC,

CASE NO. 06cv1176 JM(MCc)

12

Plaintiff,

ORDER DENYING PLAINTIFF'S
MOTION FOR

13 | vs.

RECONSIDERATION; DENYING
DEFENDANTS' MOTION FOR
RECONSIDERATION

14

15 | WILLIAM J. MCLAUGHLIN, JR.; THE
MCLAUGHLIN FINANCIAL GROUP,
LLC; and SENIOR RESOURCES

16 | SERVICES, LLC.,

17 | Defendants.

18

19          Both Plaintiff Asset Marketing Systems Insurance Services, LLC. ("AMS") and

20 Defendants William J. McLaughlin, Jr., The McLaughlin Financial Group, and Senior

21 Resource Services (collectively "McLaughlin") move for reconsideration of this court's

22 August 20, 2007 order granting in part and denying in part cross motions for summary

23 judgment or summary adjudication ("Order").  Pursuant to Local Rule 7.1(d)(1), this

24 matter is appropriate for decision without oral argument.  For the reason set forth below,

25 both motions for reconsideration are denied.

26

27

28

**Plaintiff's Motion for Reconsideration**[1]

Plaintiff moves for reconsideration of this court's findings that (1) genuine issues of material fact preclude granting summary judgment on the issue of whether or not McLaughlin willfully infringed AMS's copyrights and (2) AMS failed to meet their summary judgment burden to show that McLaughlin failed to return an alleged missing original binder to AMS upon termination of the parties' contractual relationship. The court denies reconsideration on the raised grounds.

With respect to the issue of willful infringement, the court notes that summary judgment is generally inappropriate where intent is at issue.  See Sega Enterprises Ltd. v. Maphia, 948 F.Supp. 923, 936 (N.D. Cal. 1996) ("Generally, a determination as to willfulness requires an assessment of a party's state of mind, a factual issue that is not usually susceptible to summary judgment.").  Moreover, that is particularly true where, like here, the parties identify genuine disputed issues of material fact as set forth in the parties' submissions and the court's Order.  (Order at p.13:10 - 14:4).

With respect to the return of the original binder, the court notes that, as identified in the Order, AMS failed to satisfy its summary judgment burden to demonstrate a disputed genuine legal or factual issue.  (Order at p.6:17-23, Docket No. 49).  In opposition to McLaughlin's motion for summary adjudication on the narrow issue raised by the alleged failure to return the binder, AMS set forth a five sentence opposition, (Oppo. at p.21:19-28, Docket No. 43), and the only evidence cited was the Akerstein declaration.  The Akerstein declaration, (Docket No. 43-6), did not even address the return of the binder.  Consequently, AMS failed to meet its evidentiary burden and summary judgment was appropriately entered in favor of McLaughlin on this claim.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (opposing party who

---

[1] The court incorporates its Order as if fully set forth herein.  Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

bears the burden of persuasion at trial has burden to designate "specific facts showing that there is a genuine issue for trial").  In its motion for reconsideration, AMS cites for the first time the declarations of Bob Olsen and Dee Costa to create genuine issues of material fact with respect to the return of the binder.[2]  Even assuming the identified declarations are sufficient to create a genuine issue of material fact on the merits, Defendants' failure to cite this evidence in opposition to McLaughlin's motion for summary adjudication is a complete failure of proof.  It is not the role of the court to mine the record to identify genuine issues of material fact to support the arguments presented.  See Schneider v. TRW, Inc., 938 F.2d 986, 990 n.2 (9th Cir. 1991) ("district court is under no obligation to mine the full record for issues of triable fact").  Rather, that is the role of the parties, not the court.

In sum, the court denies Plaintiff's motion for reconsideration as it fails to identify any newly discovered facts, change in intervening law, or manifest injustice.

**Defendants' Motion for Reconsideration**

Defendants move for reconsideration of this court's finding that portions of McLaughlin's March 28, 2006 handout violated Plaintiff's copyrighted materials as a matter of law.  Defendants do not argue that newly discovered evidence or changes in the law warrant relief.  Rather, McLaughlin contends that the court did not appreciate nor "recognize the total dissimilarity of the topics," (Motion at p.11:9-10), between the March 28, 2006 handout and AMS's copyright and therefore relief should be granted to avoid a manifest injustice.  The court denies the motion for reconsideration.

The thrust of McLaughlin's argument is that the AMS materials are entitled to only "thin" protection and therefore only verbatim copying constitutes infringement as a matter of law.  This argument is not persuasive.  The court notes that such terms as "thin" and "broad," as used in Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435 (9th Cir. 1994), Satava v. Lowry, 323 F.3d 805 (9th Cir.2003), and Ets-Hokin v. Skyy

_____

[2] .  The court notes that these declarations are not newly discovered within the meaning of ACandS, 5 F.3d at 1263.

<u>Spirits, Inc.</u>, 323 F.3d 763 (9th Cir. 2004), are helpful to describe the extreme ends of the copyright continuum but are simply another way of stating that "[o]riginality remains the <u>sine qua non</u> of copyright." <u>Feist Publications, Inc. v. Rural Telephone Service Co., Inc.</u>, 499 U.S. 340, 348 (1991).  The greater the variations of expression of a work, the greater the copyright protection.  <u>See</u> <u>Apple</u>, 35 F.3d at 1146-47. Conversely, limited or narrow variations of expression result in limited copyright protection. <u>Id.</u> Here, there is little doubt that AMS's copyright is afforded only limited copyright protection because of the limited degree of originality demonstrated by the materials.

As set forth in the Order, "[t]he originality of the 10 Ways Senior Program is demonstrated by the arrangement, selection, and identification of topics touching on financial considerations for seniors." (Order at p.9:27 - 10:2).  A comparison of AMS's copyrighted materials to McLaughlin's materials of January 12, 2006 and March 28, 2006 reveals that McLaughlin copied constituent elements of AMS's materials as a matter of law.  (Plaintiff's Exhs. 1, 18, 20).  The January 12, 2006 materials are verbatim copies of AMS's materials. The March 28, 2006 materials modified and made minor changes to AMS's handouts. However, McLaughlin continued to copy the arrangement, selection, layout, and the expressions of the ideas contained therein. (Plaintiff's Exhs. 1, 20).  The "modifications to the materials are relatively minor and infringe AMS' protectable interests." (Order at p.12:9-10).  Consequently, there is no genuine issue of material fact that McLaughlin's materials of January 12, 2006 and March 28, 2006 infringe constituent elements of AMS' copyright.

In sum, the court denies both motions for reconsideration.

**IT IS SO ORDERED.**

DATED:  November 1, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties